### JOHNSON v. LORD et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1898.)

1. BROKERS—COMMISSIONS—PROCURING CAUSE.

A broker employed to find a purchaser for land, interested one M., who made an offer, which was refused. Another offer was made, but nothing was done for a year, when the owner's agent obtained the name of the proposed purchaser from the broker, and another broker effected a sale with him at an increased price. *Held*, that the first broker was not the procuring cause of the sale, and could not recover commissions for it.

2. APPEAL—JUDGMENT—MODIFICATION.

Where a judgment is erroneous only in so far as it purports to dismiss a complaint "on the merits," the court, on appeal, will modify it by striking out the words "on the merits."

Appeal from trial term, Kings county.

Action by James A. Johnson against Mary T. Lord and others. There was a judgment for defendants, and plaintiff appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

F. P. Trautmann, for appellant.

Henry W. Jessup (David B. King, on the brief), for respondents.

GOODRICH, P. J. The plaintiff alleges in his complaint that he was a real-estate broker; that one Robertson, as the agent of the defendants, who were the owners of 102 acres of land at Newtown, Queens county, employed him as such broker to procure a purchaser for said land, and that on March 22, 1892, he obtained one Meyer as such purchaser, which was satisfactory to the defendants, who, on August 8, 1893, sold and conveyed the land to said Meyer for $138,630.69; that the plaintiff was the procuring cause of the sale; and that the usual brokerage is $2\frac{1}{2}$ per centum, no part of which had been paid. The answer put in issue the main allegations of the complaint, and the issues thereby framed came on for trial at the trial term. At the close of all the evidence,

a motion was made "to dismiss the complaint on the specific ground that its allegations towards which the proof was directed are unproved in their entire scope." The plaintiff asked to go to the jury on "the question of the procuring cause, and upon good faith, and our employment." The court dismissed the complaint, and a judgment was entered dismissing the complaint on the merits. From this judgment the plaintiff appeals.

The plaintiff failed to allege or prove that he was exclusively employed by the defendants to sell the premises. The utmost power which his evidence disclosed was that he was authorized to find a purchaser for the property. It appeared that the plaintiff brought the subject to the notice of Meyer, who offered a certain price for these and other premises; that he communicated the offer to Robertson, who told him that it would be referred to Lord, who was then in France; that the offer was not accepted; that Meyer then offered $1,250 per acre for the land, which was also communicated, through Robertson, to Lord; that the matter remained in abeyance for about a year, when Robertson asked of and obtained from the plaintiff the name of his proposed purchaser; and that he had subsequent interviews with Meyer, who offered, through him, only $1,250 per acre, while Lord demanded $1,500. It further appeared that another broker, named Woodburn, was authorized to find a purchaser at $1,500, and that he saw Meyer, offered him the land at that price, and finally obtained from him an offer of $1,350, which was communicated to Lord, and accepted by him. Thereafter the land was conveyed to Meyer by the defendants. Upon this evidence there can be no question that the plaintiff failed to prove that he was the procuring cause of the sale, within the numerous decisions of the court of appeals. To differ from well-announced authority of that court is a course of action always fraught with more or less difficulty. In Sibbald v. Iron Co., 83 N. Y. 378, the court held that a broker is never entitled to commissions for unsuccessful efforts, no matter what labor and effort he may have expended to secure a bargain. The court said (page 383):

"And in such event it matters not that after his failure, and the termination of his agency, what he has done proves of use and benefit to the principal. In a multitude of cases that must necessarily result. He may have introduced to each other parties who otherwise would have never met; he may have created impressions which, under later and more favorable circumstances, naturally lead to and materially assist in the consummation of a sale; he may have planted the very seeds from which others reap the harvest; but all that gives him no claim. It was part of his risk that, failing himself, not successful in fulfilling his obligations, others might be left to some extent to avail themselves of the fruit of his labors. As was said in Wylie v. Bank, 61 N. Y. 416, in such a case the principal violates no right of the broker by selling to the first party who offers the price asked, and it matters not the sale is to the very party with whom the broker had been negotiating. He failed to find or produce a purchaser upon the terms prescribed in his employment, and the principal was under no obligation to wait longer, that he might make further efforts."

I have cited the language of this opinion to obviate the necessity of other reference. It follows that there was no error in dis-

missing the complaint; but the judgment is erroneous, as it purports to dismiss the complaint on the merits. The judgment could, and doubtless would, have been modified on motion, so as to strike out the words "on the merits"; and such modification must now be made. This does not, however, affect the defendants' right to costs on this appeal.

The judgment, as modified, is affirmed, with costs. All concur; BARTLETT, J., in result.